NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 26 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHINA FORTUNE LAND
DEVELOPMENT; GLOBAL
INDUSTRIAL INVESTMENT LTD.,

Plaintiffs-Appellants,

v.

1955 CAPITAL FUND I GP LLC; 1955
CAPITAL CHINA FUND GP LLC,

Defendants-Appellees.

No.    20-15269

D.C. No. 3:19-cv-07043-VC

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Vince Chhabria, District Judge, Presiding

Argued and Submitted February 12, 2021
San Francisco, California

Before:  HURWITZ and BRESS, Circuit Judges, and FEINERMAN,[**] District
Judge.

China Fortune Land Development and its subsidiary Global Industrial

Investment Ltd. (collectively, "China Fortune") appeal a district court order

_____

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Gary Feinerman, United States District Judge for the
Northern District of Illinois, sitting by designation.

confirming an arbitration award in favor of 1955 Capital Fund I GP LLC and 1955 Capital China Fund GP LLC (collectively, "the Funds").

We have jurisdiction under 28 U.S.C. § 1291 and review the order de novo. *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 733 (9th Cir. 2006). "However, review of the actual award is 'both limited and highly deferential.'" *Id.* (quoting *PowerAgent Inc. v. Elec. Data Sys. Corp.*, 358 F.3d 1187, 1193 (9th Cir. 2004)). "As long as the arbitrator's award draws its essence from the [parties'] agreement, . . . the award is legitimate." *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 36 (1987) (cleaned up). Applying this highly deferential standard, we affirm the district court's order.

1. Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10(a)(4), allows us to vacate an award only if arbitrators "exceed their powers" by rendering an award that is "'completely irrational' or exhibits a 'manifest disregard of the law.'" *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors*, 913 F.3d 1162, 1166 (9th Cir. 2019) (cleaned up). An award is "completely irrational" when it "fails to draw its essence from the [parties'] agreement," as viewed "in light of the agreement's language and context, as well as other indications of the parties' intentions." *Id.* (cleaned up). An award is in "manifest disregard of the law" if it "disregarded" applicable law in a "fundamentally incorrect" manner. *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1293 (9th Cir. 2009).

2

2. The award is neither completely irrational nor does it exhibit a manifest disregard of the law. The arbitrator appropriately considered the documentary evidence, testimony about the parties' course of dealing, and "other indications of the parties' intentions." *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009) (cleaned up). In particular, the arbitrator noted that the Subscription Agreements ("SAs") executed by China Fortune authorized the Funds to sign the Limited Partnership Agreements ("LPAs") on China Fortune's behalf. The Funds' representative confirmed to China Fortune that executing the SAs "will bind you to the appendix and LPAs" and instructed China Fortune that it needed to sign the SAs and Escrow Agreements ("EAs") but not the LPAs. In concluding that China Fortune assented to the original version of the LPAs (the "November LPAs"), the arbitrator relied on Delaware law requiring an objective manifestation of assent and did not "manifestly disregard" law that was "well defined, explicit, and clearly applicable." *Collins v. D.R. Horton, Inc.,* 505 F.3d 874, 879-80 (9th Cir. 2007) (cleaned up).[1]

3. China Fortune argues that it may have given the Funds the power to sign the November LPAs on its behalf, but never assented to the LPAs actually signed by the Funds (the "December LPAs"). The arbitrator agreed that there was no mutual

---

[1] We reject the Funds' arguments that China Fortune failed to preserve its contract formation arguments in the arbitration.

assent to the December LPAs but enforced the November LPAs, even though the Funds did not formally execute them on China Fortune's behalf, because China Fortune had manifested its intent to be bound by the November LPAs.

That award is not irrational even assuming the arbitrator erred in his contract-formation analysis. The parties' agreements were governed by Delaware law, under which the issue whether a party has manifested assent to a contract is a "question of fact." *Eagle Force Holdings, LLC v. Campbell*, 187 A.3d 1209, 1213 (Del. 2018). A reviewing court "ordinarily" may not make "its own factual determinations, no matter how erroneous the arbitrator's decision." *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 511 (2001). "Under the 'completely irrational' doctrine," it is irrelevant "whether the [arbitrator's] findings of fact are correct or internally consistent." *Bosack*, 586 F.3d at 1106. Regardless, the arbitrator grounded his mutual assent determination in record evidence.

4. Nor did the arbitrator "dispense his own brand of industrial justice by disregarding a specific contract provision to correct what he perceived as an injustice." *Aspic Eng'g*, 913 F.3d at 1167 (cleaned up). The portion of the award China Fortune cites which considers whether "it would be inequitable to rescind" the agreements had nothing to do with the arbitrator's contract formation analysis but instead responded to China Fortune's request for the equitable remedy of rescission.

4

5. The arbitrator did not exceed the scope of his authority. The arbitration agreement conferred broad authority on him, and we give broad deference to the "arbitrator's interpretation of the scope of his powers." *Schoenduve Corp.*, 442 F.3d at 733. Whether the parties had entered into a binding contract and the content of that contract were "issues implicit within the submission." *Id.*

6. Nor does the contractual language limiting the arbitrator's authority to "reform, modify, or materially change" the parties' contract invalidate the award. "The fact that the arbitrator lacks the power to modify the agreement does not compel the conclusion that he also lacks the power to determine which provisions are in fact a part of the contract." *Id.* at 734 (cleaned up).

**AFFIRMED**.